**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re** | : | **Chapter 13** |
| **Lena D. Lewis** | : | |
| Debtor | : | **Case No. 18-12958 (JKF)** |
| _____ | | |
| **Lena D. Lewis and James A. Lewis** | : | |
| Plaintiffs | : | |
| v. | : | |
| **U.S. Bank, N.A. as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-backed Pass-Through Certificates, Series 2005-12, Wells Fargo Bank, N.A., America's Servicing Company, The Law Office of Thomas Rutledge, Rutledge Claims Management, Inc., American Security Insurance Company, Assurant Specialty property, and Assurant, Inc.** | : : : : : : : : : : : | |
| Defendants | : | **Adversary No. 18-240** |
| _____ | | |

## MEMORANDUM OPINION SUR
## MOTIONS TO DISMISS

*Introduction*

  Before the Court are three Motions to Dismiss the above captioned adversary proceeding. They were filed by three subsets of Defendants. The Plaintiffs have filed a

Response to one of the motions. For the reasons which follow, the Motions will be disposed of as follows:

- The Motion of Assurant, Inc., Assurant Specialty Property, and American Security Insurance Company (Assurant) will be granted as to Assurant, Inc. and Assurant Specialty Property as to Counts II, III, and IV.  Relief will be granted in favor of American Security Insurance Company as to Count IV.

- The Motion of the Law Office of Thomas Rutledge and Rutledge Claims Management (Rutledge) shall be granted as to Counts III and IV.

- The Motion of U.S. Bank, N.A., Wells Fargo Bank, N.A., and America's Servicing Company (the Lender) shall be granted as to Counts II, III, and IV.

*Standard for Motion to Dismiss*

In order to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

The Third Circuit has outlined a three-part test in deciding a motion to dismiss pursuant to Rule 12(b)(6): First, the court must tak[e] note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (internal quotes and citations omitted).

According to this standard, the pleading requirement pursuant to Rule 12(b)(6) has become a more stringent one to meet in recent years. One court recently expounded:

> Under *Twombly* and *Iqbal*, pleading requirements have shifted to a 'more heightened form of pleading.' *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

*GLD Foremost Hldgs, LLC v. Michael*, 2017 WL 930599, at *2 (M.D. Pa. March 9, 2017); *see also In re Bennett*, 531 B.R. 68, 72 (Bankr. E.D. Pa. 2015). The well plead facts of the complaint are viewed in the light most favorable to the plaintiff; legal conclusions are not assumed to be true at the motion to dismiss stage. *In re Sobol*, 545 B.R. 477, 487 (Bankr. M.D. Pa. 2016).

*Counts*

The Second Amended Complaint (SAC) pleads four counts:

- Determination of Secured Status of the Lender

- Breach of contract against all Defendants

- Entitlement to Special Damages for Actions on Insurance Policies, 42 P.S. § 8371, and the Unfair Insurance Practices Act against Assurant and Rutledge

- Violation of the Pennsylvania Uniform Trade Practice and Consumer Protection Law, 73 P.S. § 201-1 against all Defendants.

Of the four counts, movants seek relief as to Counts II, III and IV.

3

*Allegations*

It is alleged that U.S. Bank/Wells Fargo (the Lender) held the mortgage loan on an investment property (the Property) owned by the Debtor and her spouse; that the Lender obtained "force placed" hazard insurance (the Policy) on the Property from Assurant; that on May 30, 2013, a fire at the Property damaged the existing structure on it; that the Lender contracted with Rutledge as a third party administrator to file a claim against Assurant on the Policy; that Rutledge improperly withdrew the claim without notifying the Plaintiffs; that the Plaintiffs would not learn that the claim had been withdrawn until late 2014 or 2015 after Assurant refused to pay it; that the Plaintiffs continued to pursue the claim on their own; that the Plaintiffs sent extensive documentation to Assurant establishing their entitlement to payment; and that more than two years have passed and Assurant refuses to pay this claim. SAC ¶¶ 12 - 45.

*Count II – Breach of Contract*[1]

A reading of Count II reveals that it alleges a breach of *two* contracts: the first contract is the force-placed insurance policy between the Lender and Assurant; and the second is the Lender's agreement with Rutledge to settle the fire insurance claim with Assurant. To state a breach of a contract in Pennsylvania, a plaintiff must allege 1) the existence of a contract and its essential terms; 2) breach of a duty imposed by the contract; and 3) damages caused by the breach. *Prince v. BAC Home Loans Servicing, LP*, 2018 WL 4154947, at *4 (E.D. Pa. 2018) (citations omitted); *see also Bonilla v. City of Allentown*, 359 F.Supp.3d 281, 297 (E.D.Pa. 2019) (citations omitted).

---

[1] Again, no Defendant seeks dismissal of Count I.

Beginning with the breach of the *insurance* contract, the Court finds that a claim is sufficiently plead. It is alleged that the hazard insurance policy was issued by Assurant. ¶ 24. A loss on the Plaintiff's Property occurred in May 2013 when it was damaged by fire. ¶ 26. Despite demands by Plaintiff that it pay the claim for fire damage, Assurant has refused. ¶ 37. As a result of that refusal to pay, the Plaintiffs have sustained damages. ¶ 39. These allegations—which are assumed to be true for present purposes—state a facially valid breach of contract.

Notwithstanding what is plead, Assurant disputes the viability of the claim in whole and in part. They maintain that neither Assurant, Inc. nor Assurant Specialty Property, Inc., are in privity with the Plaintiffs. As proof, they refer to the copy of the contract attached to the complaint. Assurant Mot., 4-6. That documents states that American Security Insurance Company (ASIC) issued the Policy and ASIC concurs. *See Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) ("When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may consider the allegations contained in the pleading, exhibits attached thereto and matters of public record.") The corollary to that finding is that the other two Assurant Defendants, Assurant Inc. and Assurant Specialty Property, Inc., are not liable for breach of contract. So, Count II must be dismissed as to them.

That leaves ASIC as the sole party in privity on the contract. ASIC challenges the legal viability of this count on both procedural and substantive grounds. ASIC begins with the timing of the Plaintiff's claim. It maintains that the Policy—attached to the SAC

as Ex. E—provides that claims are subject to a one-year deadline within which to make a claim for fire damage. The Court's own review of the contract confirms that that is the case. The fire occurred in May 2013 but the Plaintiff would not make a claim until October 24, 2018, almost 5½ years after the event. By their own admission, says ASIC, the claim for fire damage is time-barred by a specific provision in the contract. Assurant Mot. 6-8.

An insurance contract provision limiting the time period for bringing suit is enforceable. See *Prime Medica Assocs. v. Valley Forge Ins. Co.,* 970 A.2d 1149, 1156 (Pa.Super.Ct.2009) ("Pennsylvania law recognizes as valid suit limitation clauses in insurance policies."). Such a limitation is not "imposed by law; it is a contractual undertaking between parties and the limitation on the time for bringing suit is imposed by the parties to the contract." See *Lapensohn v. Lexington Ins. Co.*, 2012 WL 3029655, at *2 (E.D. Pa. July 24, 2012) *quoting Lardas v. Underwriters Ins. Co.,* 426 Pa. 47, 231 A.2d 740, 741-42 (Pa.1967). While the Policy appears on its face to provide for a one-year claims period, what is not clear is when a claim was first made for the fire loss. It is alleged that the Lender retained Rutledge to settle that claim (SAC ¶ 27) and it, according to the SAC, did so years before the Plaintiff filed suit. But exactly when that was the SAC does not say. The Lender's and Rutherford's attempts at claim resolution with ASIC may very well have been initiated in a timely fashion. If it was not, then that is something to be determined in discovery and raised on summary judgment.

In addition to tardiness, ASIC argues that it was the *Plaintiffs'* conduct which was the reason that the claim has not been paid. That, however, does not bear on the

6

question of whether the Plaintiff have adequately *stated* a claim for breach of contract. It goes to whether its allegation are factually correct. That, too, is a matter better suited to summary judgment. So, the Court finds that the SAC states a claim for breach of contract against at least one of the Assurant defendants, ASIC.

*Rutledge and Breach of Contract*

The insurance contract issued by ASIC, however, is not the only contract which Plaintiffs claim was breached. They claim that the Lender's contract with Rutledge to settle the claim with ASIC was likewise breached. SAC ¶ 39. They further claim that they were the intended beneficiaries of that contract. *Id.* ¶¶ 28, 29. They go on to allege that Rutledge's withdrawal of the claim against ASIC violated the duty owed to them as beneficiaries.[2] *Id.* ¶ 30.

Under Pennsylvania law, in order for a third-party beneficiary relationship to arise, the third-party obligation generally must appear within the contractual language. *See Pell v. Weinstein,* 759 F.Supp. 1107, 1119 (M.D.Pa.1991) ("[T]he obligation to the third party must be created, and must affirmatively appear, in the contract itself.") The Plaintiffs allege that the contract between the Lender and Rutledge intended that the Plaintiffs were third party beneficiaries of the agreement. SAC ¶¶ 28, 29. However, the Plaintiffs have neither cited from the contract nor attached the agreement itself.

Even so, their claim qua beneficiary as to that second contract may survive dismissal. There is a limited exception to the rule that the creation of third-party contract

---

[2] The Court's previous order dismissing Count II as to Rutledge with prejudice pertained to the contract for insurance between the Lender's servicer and ASIC. Here it is a different contract that the Plaintiffs assert damages resulting from a breach: the retention by the Lender of Rutledge to pursue the fire insurance claim against ASIC.

7

rights be expressly stated. The Pennsylvania Supreme Court has adopted Restatement (Second) of Contracts § 302 (1979) which provides:

> Intended and Incidental Beneficiaries
>
> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intentions of the parties and either
>
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Rest. (Second) of Contracts* § 302; *See Scarpitti v. Weborg,* 530 Pa. 366, 370, 609 A.2d 147, 150 (1992) (recognizing the adoption of this Restatement provision). Under the *Restatement* approach, a two-part test must be satisfied:

> (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance."

*Scarpitti, supra,* 530 Pa. at 371, 609 A.2d 147 *quoting Guy v. Liederbach*, 501 Pa. 47, 60, 459 A.2d 744, 751 (1983). The first part of the test is committed to the court's discretion. *Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Assocs.*, 39 F. Supp. 2d 517, 535 (M.D. Pa. 1999) *citing Scarpitti, supra, id*.

    The SAC explains how it is that the Plaintiffs have an interest in the agreement between the Lender and Rutledge. They allege that Rutledge was to prosecute the fire insurance damage claim for the Plaintiff's benefit. SAC ¶¶ 28-29 The fire is alleged to

have destroyed a structure on property owned by the Debtor and co-Plaintiff. ¶ 26. The Plaintiffs insist that all parties concerned understood that recovery on the claim is to go toward rebuilding the structure destroyed by the fire so that the Plaintiffs could use the rebuilt structure to generate income and service the Lender's debt. ¶ 29. That states a plausible claim that the Lender's engagement of Rutledge to settle the fire insurance claim was intended to benefit the Plaintiffs. *See In re Akers*, 445 B.R. 1, 6 (Bankr.D.C. 2011) (holding that debtor was a beneficiary of force placed insurance policy procured by lender). If evidence proves that that is not what was envisioned, then Rutledge is free to demonstrate that on summary judgment.

*The Lender and*
*Breach of Contract*

For the other party to that agreement, the Lender, the question of whether a contract claim is plead is easier to determine. Even assuming that Plaintiffs are beneficiaries of whatever agreement existed between Rutledge and the Lender, liability may not be imputed to the Lender. It is hornbook law that "[a] promise in a contract creates a duty in the promisor to any intended beneficiary to perform that promise and the intended beneficiary may enforce that promise." *Rest. (Second) Contracts* § 304; *Livingstone v. North Belle Vernon Bor.*, 91 F.3d 515, 526 n. 11 (3d Cir. 1996) (citing Restatement provision). Here, Rutledge was the promisor as it is alleged to have been engaged by the Lender to prosecute the fire damage claim against ASIC. It—and only it—had the duty to the Plaintiffs. The Lender, the promissee, had not such duty and so cannot be liable to any beneficiary.

9

And this conclusion does not change merely because the Plaintiffs characterized the relationship between the Lender and Rutledge as one of principal and agent. The comment to Restatement § 302 explains that "[t]here is a fiduciary relation between agent and principal or between trustee and beneficiary, but not between promisor or promisee and beneficiary of a contract." Rest. (Second) of Contracts § 302 comment f; *see also Hibbs v. K-Mart Corp.*, 870 F.2d 435, 441 (8th Cir. 1992) (holding that landlord was not third-party beneficiary of sublease between developer and sublessee simply because contracting parties knew that owner would profit from sublease because monies derived by developer could be used to pay ground lease with owner). Nothing in the relationship between the Lender and Rutledge as alleged in the SAC gives rise to a duty of the Lender to prosecute the insurance claim a certain way. Having established no privity or basis for a contractual duty on the Lender's part, Count II must be dismissed as to it.

*Count III – Bad Faith*
*Insurance Claim*

The third count seeks consequential and punitive damages, as well as attorney's fees and costs related to the denial of the Plaintiffs' claim for insurance coverage. The count is brought under the applicable statute which codifies the tort of bad faith in handling insurance claims:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

10

   (2) Award punitive damages against the insurer.

   (3) Assess court costs and attorney fees against the insurer.

42 P.S. § 8371[3]; *see Feingold v. Liberty Mut. Insur. Co.*, 847 F.Supp.2d 772, 777 (E.D.Pa. 2012) (stating that under Pennsylvania law the right of an insured to recover from an insurer for bad faith conduct is a statutory cause of action sounding in tort in the nature of a penalty, the gravamen of the statute is the right of the insured to obtain punitive damages).

*Who May be Culpable*
*Under the Statute*

  Although the count does not state specifically against whom it is lodged, the gist indicates that the Assurant Defendants are liable. The statute, however, is quite specific as to who may be culpable under the act: it speaks of the "insurer." *See Brown v. Everett Cash Mutual Ins. Co.*, 157 A.3d 958, 968 (Pa. Super. 2017). Among the three Assurant Defendants the Court has already found the complaint to state that ASIC issued the policy of insurance. That makes it and only it the insurer who might be liable under this statute. So, to the extent Count III is directed at other defendants it will be dismissed.

  And ASIC, as the sole potential defendant as to Count III, makes a threshold challenge of timeliness. It correctly states that the statute of limitations for a bad faith

---

[3] The Count also cites the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1170; however, the UIPA provides no private cause of action vests standing in the insurance commissioner. *See Oehlmann v. Metroplitan Life,* 644 F.Supp.2d 521, 531 (M.D.Pa. 2017). That is not to say, however, that the UIPA has no place in the Court's consideration of this count: the UIPA provides guidance for the Court to determine whether particular conduct on the insurer's part constitutes bad faith*. Employers Mut. Cas. Co. v. Loos,* 476 F.Supp.2d 478, 494 (W.D.Pa. 2007).

claim insurance damages claim under Pennsylvania law is two years. *CRS Auto Parts, Inc. v. National Grange Mut. Ins. Co.*,645 F.Supp.2d 354, 364 (E.D.Pa.2009). ASIC points to ¶ 42 of the SAC wherein the Plaintiffs allege that August 16, 2016 they made written demand upon ASIC to pay the claim. However, it would not be until October 24, 2018 that the Plaintiffs would file this adversary proceeding. That date being more than 2 years after their written demand, the Plaintiffs complaint is time-barred. Mot. 8-9.

The Court finds that reading of the Complaint to be overly limited. Under Pennsylvania law, where an insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence, the statute of limitations on a bad faith claim begins to run and the insured cannot avoid the limitations period by asserting that a continuing refusal to cover was a separate act of bad faith. *CRS Auto Parts, supra.*,645 F.Supp.2d at 365. But the SAC alleges that after Rutledge withdrew the claim Plaintiffs continued to pursue the claim and that ASIC assured Plaintiff that the claim had been reopened. SAC ¶ 36. And so even though it was 2 years *and 9 weeks* from the time Plaintiffs sent their August 2016 letter until when they filed suit, it is unclear what ASIC's position on the claim was *after Plaintiffs' counsel wrote to them.*[4] Because as the SAC alleges, the claim was still open and the applicable statute of limitations had not yet started to run. For that reason, the complaint states a timely bad faith insurance claim.

---

[4] Attached to the SAC as Ex. C is ASIC's letter of April 20, 2015, to the Pennsylvania Department of Insurance, Bureau of Consumer Services. It explains why ASIC did not pay this claim. It was written, presumably after the Debtor filed a complaint or inquiry as to her claim. While it is certainly probative on the issue of the timeliness of Plaintiffs' complaint, it is not conclusive. So, for that reason, it is evidence which may be presented on summary judgment.

But aside from timing, ASIC challenges the legal sufficiency of what is plead. To establish a bad faith claim under the Pennsylvania bad faith statute a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy, and (2) knew of or recklessly disregarded its lack of reasonable basis for denying the claim. *Rowe v. Nationwide Insur. Co.*, 6 F.Supp.3d 621, 630 (W.D.Pa. 2014). The complaint alleges that after Rutledge withdrew the claim the Plaintiff continued to seek payment from ASIC. ¶ 36. To that end it sent ASIC extensive documentation supporting its claim. *Id*. Despite having provided all information and making numerous telephone calls to ASIC regarding the claim, ASIC has not even stated whether it will pay the claim or deny the claim. SAC ¶ 38. That is sufficient at this stage of the litigation to state a cause of action under the bad faith statute. *See Papurello v. State Farm Fire & Cas.*, 144 F.Supp.3d 746, 775 (W.D.Pa. 2015) (holding that under Pennsylvania law insured allegations that insurer refused to pay for damages to their residence that was covered by their home-owners policy was sufficient to state plausible statutory bad faith claim against insurer). ASIC's argument that Plaintiffs' dilatory conduct is what lead to non-payment under the Policy (Mot. 9) raises factual questions which are suited for summary judgment. For that reason, the Court finds that Count III states a claim against ASIC—and only ASIC—under the Pennsylvania bad faith insurance claim statute.

*Count IV – UTPCPL*

Count IV alleges violations of the Pennsylvania Uniform Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. The count is directed against both

Rutledge and Assurant. It alleges that the conduct of these two defendants as described in the SAC constitutes "unfair or deceptive acts" as defined by the UTPCPL. SAC ¶ 52. Both defendants challenge the legal sufficiency of the claim. *See* Assurant Mot., 9-10; Rutledge Mot.,19-21.

To bring a private cause of action under the Unfair Trade Practices and Consumer Protection Law (UTPCPL), a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance. *Conquest v. WMC Mort. Corp.*, 247 F. Supp. 3d 618, 647 (E.D. Pa. 2017) citing *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 502, 854 A.2d 425, 438 (2004). Beginning with the question of what wrongful or misrepresentation was made by either Rutledge or ASIC, the SAC is silent. In the case of Rutledge, it is alleged that it simply withdrew the claim against ASIC. ¶ 30. As to ASIC, it is alleged that it has refused to pay the Plaintiffs' claim. ¶¶ 38-39. There is, however, no misrepresentation alleged or which is inherent in such conduct. What the alleged conduct consists of is non-feasance which is not actionable under the statute. *See Horowitz v. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995); *accord Star Spa Services Inc. v. Robert Turano Insur. Agency, Inc.*, 595 F.Supp. 2d 519, 530 (M.D.Pa. 2009). Having failed to state a claim under the UTPCPL, Count IV must be dismissed as to the moving Defendants.

*Summary*

The various motions to dismiss the SAC will be granted in part and denied. Count II – Breach of Contract states a cause of action against ASIC and Rutledge but will be

dismissed as to the other Defendants. Count III – Bad Faith Insurance Claim states a claim as against ASIC but will be dismissed as to the other Defendants. Count IV – Uniform Trade Practices and Consumer Protection Law will be dismissed as to all Defendants.

An appropriate Order follows.

BY THE COURT

Dated:  November 5, 2019

Jean K. FitzSimon
United States Bankruptcy Judge

Copies to:

Roger V. Ashodian, Esquire
Regional Bankruptcy Center of SE PA
101 West Chester Pike, Ste. 1A
Havertown, PA 19083


Prince Altee Thomas, Esquire
Fox, Rothschild, O'Brien & Frankel
2000 Market St.
20th Floor
Philadelphia, PA 19103-3222


Matthew Faranda-Diedrich, Esquire
Royer Cooper Cohen Braunfeld LLC
Two Logan Square
100 N. 18th Street, Suite 710
Philadelphia, PA 19130


Paul C. Troy, Esquire
Kane, Pugh, Knoell, Troy & Kramer LLP
510 Swede Street
Norristown, PA 19401-4886