**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| **Lena D. Lewis,** | : | |
| Debtor. | : | Case No.:  18-12958 (JKF) |
| _____ | | |
| **Lena D. Lewis and** | : | |
| **James A. Lewis,** | | |
| Plaintiffs, | : | |
| v. | : | |
| **U.S. Bank, N.A., et al.,** | : | |
| Defendants. | : | Adv. No.:  18-00240 (JKF) |
| _____ | | |

# **MEMORANDUM OPINION**

By: JEAN K. FITZSIMON, United States Bankruptcy Judge.

*Introduction*

Before the Court are Motions for Summary Judgment filed by the remaining Defendants, American Security Insurance Company (ASIC), the Law Offices of Thomas Rutledge and Rutledge Claims Management (together, Rutledge). At the previous hearing on this matter, the parties agreed that the Court would make a preliminary ruling on the threshold challenge raised by both Defendants in their respective motions: that the Plaintiff's claims were barred by an applicable statute of limitations. The Plaintiff opposes this relief. For the reasons which follow, ASIC's motion will be denied to the

extent that it is based on the statute of limitations and Rutledge's will be granted on that basis.

*Standard for Summary Judgment*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). Pursuant to Rule 56,[2] summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). In making this determination, the court must consider all the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party and against the movant. *See Roth v. Norfalco, LLC*, 651 F.3d 367, 373–74 (3d Cir.2011). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). And where, as here, summary judgment is based on a claim of untimeliness, the defendant bears the burden of proof on the point. *See In re Polichuk*, 506 B.R. 405, 426 n. 15 (Bankr.E.D.Pa. 2014).

*ASIC's Timeliness Challenge*

ASIC's lateness claim is made on two alternative bases: first, that the Plaintiff was required under the insurance contract to bring such claim within one year of the loss; and second, that even if that provision does not apply, the suit was not brought within the 4-year limitations period set forth under the state law applicable to contract claims. *See* ASIC's Mem. pp. 13-15.

*The Contract's
One-Year Bar*

In this Court's November 2019 Opinion regarding various motions to dismiss, the Court found that Pennsylvania law upholds limitations periods provided in insurance contracts. *See* Opin. dated Nov. 5, 2019, p. 6. That ruling is the law of the case and will apply here. *In re Carbone*, 2020 WL 598313, at *6 (Bankr.E.D.Pa. Feb. 6, 2020). The limitations provision of the contract provides as follows:

> 15. Suit against us. No action can be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss.

ASIC Mem. Ex. 1. Such a provision applies with equal force as against the Plaintiff *qua* third-party beneficiary as it does against Wells Fargo, the lender who procured the force placed insurance. *See Amati Envir. Enter., Inc. v. Westchester Fire Insur. Co.*, 2009 WL 89215, at *2 n.4 (W.D.Pa. Jan. 8, 2009) (explaining that a third-party beneficiary does not have greater rights than the promisee under the agreement sued upon).

Even so, says the Plaintiff, her claim is not time-barred by this provision because there is no evidence in the record that ASIC ever denied her claim. Pl.'s Resp., p. 6. That, however, is not the essential point. Pennsylvania law provides not only that a limitations period in an insurance contract may be enforced, but it likewise provides that it may be waived. *Williams v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 4100681, at *5 (E.D. Pa. Aug. 27, 2018) quoting *Gen. State Auth v. Planet Insur. Co.*, 346 A.2d 265, 267 n.6. (1975) (explaining that "[a]lthough a commencement of suit provision is legally enforceable, it may be extended or waived 'where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced.'")  "Waiver is the voluntary and intentional abandonment or relinquishment of a known right." *Prime

3

*Medica Assocs. v. Valley Forge Ins.*, 970 A.2d 1149, 1156 (Pa. Super. Ct. 2009). Waiver arises either by express declaration or else by conduct so inconsistent with the defense that there is no reasonable ground to infer that the insurer relies on the suit limitation defense. *Id.* at 1156-57.

A review of the record from the date Debtor decided to take matters into her own hands (August 2014, *see* ASIC's Mem. Ex. A7) until the date that this complaint was filed arguably supports a finding of waiver as to the one-year bar. The evidence does not indicate that ASIC ever informed the Debtor that her claim was stale. ASIC was fully within its rights to do so but instead—and, it must be noted, to their credit—continued to work with her towards resolving the claim. *See* ASIC's Mem. Ex. A8, A9, A10, B10. So, there is the possibility that this conduct may constitute a waiver of the one-year limitations provision precludes summary judgment.

*Statutory Limitations Period*

That leaves the 4-year statutory limitations period applicable to contracts claims. 42 P.S. § 5525(3). It is well-established that federal courts apply state law to determine when an action accrues for purposes of the statute of limitations in a matter arising under state law. *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949). "Generally, an action founded on a contract accrues when the contract is breached." *Sadtler v. Jackson–Cross Co.*, 402 Pa.Super. 492, 587 A.2d 727, 731 (1991). As to when ASIC maintains that the breach occurred, it states that it starts from the date of the loss which is the date of the fire, May 30-31, 2013. That date is more than 4 years earlier than the date the complaint was filed. Alternatively, if the Court were

to use the date on which the Debtor began to pursue the ASIC claim on her own, August 15, 2014, she is likewise out of time. ASIC Mem., p. 15, n. 6.

The Court would be inclined to agree with ASIC that the August 15, 2104 is the date from which the statute runs if it could conclude that such date is when the contract was breached. The evidence of what transpired on that date, however, does not necessarily indicate a breach. On that date the Debtor emailed photographs of the fire damage on the property to ASIC. *See* ASIC's Mem., Ex A7, email acknowledgment by ASIC of receipt of Debtor's email to them. One could easily conclude from that proof that ASIC was still considering the claim. If that is so, then no breach is demonstrated.

What follows does not indicate anything different. On September 5, 2014 ASIC wrote to Debtor stating that the claim remains open and ASIC is waiting for an adjuster's report. *Id.*, Ex. A8. After that is an email dated January 13, 2015 explaining that ASIC needs more information to process the claim. *Id.*, Ex. A9. On April 16, 2015 ASIC wrote the Debtor again to inform her that they did not have all the necessary documentation from her to process her claim. *Id.*, Ex. A10. Less than one week later, the Pennsylvania Insurance Department wrote to the Debtor in response to her complaint to them about ASIC's handling of her claim. In that letter, the Insurance Department explained that it did not find anything amiss with ASIC's conduct. *Id.*, Ex. B10. No firm conclusions can be drawn as to what ASIC decided to do with the Debtor's claim from that. Indeed, the Court cannot know for certain if the complaint to the insurance commissioner was prompted by denial of the claim or by frustration with ASIC's delay. The record on this point remains undeveloped. The corollary to that finding is that there is no indication that the contract was breached. Without knowing when the breach occurred, the Court

5

cannot determine when the statute of limitations started to run. *See Margaret Autobody, Inc. v. Universal Underwriters Group*, 2004 WL 1073992, at *1 (Phila.Ct.Com.Pl. April 12, 2004) (explaining that date of loss for limitations purposes is the date when insured is notified that insurer is denying their claim). For that reason, ASIC's alternative reliance on the 4-year bar under Pennsylvania is unsupported by the record.

*Timeliness Challenge*
*To the Bad Faith Count*

As the sole defendant in Count II, the bad faith insurance claim, ASIC raises the same affirmative defense of the statute of limitations. In this Court's previous Opinion regarding the motions to dismiss, the Court observed that the statute of limitations period on a bad faith insurance claim does not begin to run until the "insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence." Opin., *supra*, p. 12. Having found above that the record does not demonstrate that ASIC ever communicated a denial of claim to the Plaintiff, the Court cannot find that the limitations period has expired.

*Timeliness of Claim*
*Against Rutledge*

Like ASIC, Rutledge maintains that the claim which Plaintiff has lodged against it is time-barred. The sole claim against Rutledge is in Count II, breach of contract. To reiterate, it is alleged that the Plaintiff is a third-party beneficiary of the agreement between the lender Wells Fargo and Rutledge. Under that agreement, Rutledge was retained to prosecute the claim for property damage against ASIC. Rutledge closed its file on the matter on July 11, 2013 without obtaining any recovery on that policy. As an intended beneficiary of the recovery of any insurance proceeds, Plaintiff was harmed by

6

Rutledge's failure to prosecute the insurance claim. Rutledge maintains that the applicable statute of limitations is the 4-year bar found in 42 P.S. § 5525(3). Rutledge Br. p. 18. It argues that when Rutledge closed its file on July 11, 2013 Plaintiff had until July 11, 2017, 4 years later, to file suit. Because the complaint was filed in October 2018, a date greater than 4 years from file closure, the claim, says Rutledge, is out of time. Alternatively, it argues, if the Court were to apply a "discovery rule,"[1] and thereby move the time from which the statute begins to run to the date Plaintiff first learned of Rutledge's breach, then Plaintiff would still be out of time: there is indisputable evidence in the record that in the Spring 2014 she was corresponding with the insurer directly. *Id*. p. 19, Rutledge Statement of Undisputed Material Facts, #37. Having filed her complaint more than 4 years after that, says Rutledge, the Plaintiff's claim against it is still too late.

That, however, is not how Plaintiff recalls it. In her deposition, Ms. Lewis stated that she first learned that Rutledge closed its file in the latter half of 2014, not in the Spring 2014. *See* ASIC's Mem., Ex. B1, p. 45, line 21. If the statute of limitations were to run from that general period, then her filing of the complaint in October 2018 might be timely. The Court finds such testimony to be self-serving and conveniently vague. It establishes that she learned of her right against Rutledge at a time which makes *when* she finally decided to act just timely enough to avoid dismissal. It also fails to state how she learned of Rutledge's decision to close the file. The testimony is of such a manufactured quality that it appears to be a thinly veiled attempt to create an issue where there is none. *See United States v. Stevenson*, 2010 WL 2490756, at *5 (E.D.Pa. June 15, 2010) (characterizing non-moving party's unsubstantiated and conclusory

---

[1] Pennsylvania applies a discovery rule to the running of statutes of limitations for breach of contract claims. *See Cottman Avenue PRP Group v. AMEC,* 2020 WL 757834, at *18 (E.D.Pa. Feb. 13, 2020)

7

declaration which directly contracted other sworn testimony as an attempt to create a dispute and thereby defeat summary judgment). So, because the Court finds that the record indisputably supports a finding of staleness as to the count against Rutledge, its motion will be granted.

*Summary*

The record supports a ruling of relief as to one of the two defendants. In the case of ASIC, the record does not contain evidence of a direct denial of her claim which is commences the running of the statute. For Rutledge's part, the evidence reflects that she commenced suit against them at a time past the expiration of the statute of limitations.

An appropriate order follows.

                                              **BY THE COURT**

*[signature]*

**Dated:  June 24, 2020**                      **HONORABLE JEAN K. FITZSIMON**
                                                          **United States Bankruptcy Judge**

Copies to:

Plaintiff's Counsel
Roger V. Ashodian, Esquire
Regional Bankruptcy Center of
Southeastern Pennsylvania
101 West Chester Pike, Suite 1A
Havertown, PA 19083


ASIC's Counsel
Matthew Faranda-Dietrich, Esquire
Alexander J. Nassar, Esquire
ROYER COOPER COHEN & BRAUNFIELD, LLC
Two Logan Square
100 N. 18th Street, Suite 710
Philadelphia, PA 19103

Rutledge's Counsel
Paul C. Troy, Esquire
Thomas J. Zimmerman, Esquire
KANE PUGH KNOELL TROY & KRAMER, LLP
510 Swede Street
Norristown, PA 19401